UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

CASE NO. 9:16-CV-81624-KAM

RAQUEL ABRAMS-JACKSON,

    Plaintiff,

v.

ROBERT AVOSSA, CHERYL MCKEEVER,
(in their individual capacities, PALM BEACH
COUNTY SCHOOL DISTRICT (BOARD),

    Defendant.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(E) AND MEMORANDUM OF LAW

The Defendants, ROBERT AVOSSA, CHERYL MCKEEVER, and THE PALM BEACH COUNTY SCHOOL DISTRICT (BOARD) (collectively, "the Defendants"), hereby file this Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e) and state as follows:

### A. PRELIMINARY STATEMENT

While Plaintiff's counsel may now want to express regret or remorse for his abhorrent conduct during the discovery process (or perhaps regret because his behavior was found out), what has not changed, is the very real fear and disruption to Defendants' normal business operations Plaintiff's counsel's reckless and/or deliberately indifferent social media postings have caused.[1]

---

[1] Since the Court's rulings allowing increased security at depositions and mediations, Defendants have increased security measures at Defendants' main office building, including, full-time school police patrol outside of the undersigned's Legal Department and Superintendent's suite because Defendants do not (and did not) view Plaintiff's counsel's "shooting" and other disturbing social

What also has not changed is that Plaintiff counsel continues to imply that Defendants are somehow at fault and/or are the cause of his actions or that Defendants are overly sensitive and should have known Plaintiff's counsel's "real" intent when he posted about going on a "shooting campaign" after a round of depositions with Defendants.

Plaintiff now seeks to alter or amend the Court's order awarding Defendants fees and costs for her counsel's harassing behavior. Plaintiff, however, has failed to offer any new information or argument because she can't. There is no rational explanation for her counsel's conduct. No one should have to endure the barrage of threats and taunts like those experienced by Defendants, their counsel, and witnesses in this case especially not by a member of the legal profession. This Court should flatly reject and deny Plaintiff's motion and award Defendants their reasonable fees and costs as set forth in Defendants Motion for Fees and Costs.

### B. ARGUMENT

**1. Plaintiff is attempting to rehash arguments previously rejected by the Court and raise issues she either could or should have raised previously.**

As correctly noted by Plaintiff in her motion, a court may grant a motion to alter or amend judgment if the moving party presents newly discovered evidence that was not available earlier or if the movant points to evidence in the record that clearly establishes manifest error of law or fact. *Matter of Prince,* 85 F.3d 314 (7th Cir.1996). A motion to alter or amend must rely on an intervening change in the controlling law; availability of new evidence not available previously; or the need to prevent clear error of law or prevent manifest injustice. *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.,* 169 F.R.D. 680, 684 (M.D.Fla.1996) (Kovachevich, C.J.) (quoting *Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294 (M.D.Fla.1993)). However, it cannot be considered a

---

media postings as simply competitive "trash talk" (not that trash talk is ever appropriate either) as Plaintiff counsel contends in his Motion.

vehicle for raising issues or citing authorities the party could or should have presented prior to the court's ruling. In addition, it is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision. *Id.* at 686.

Plaintiff continues to insist through argument to the Court that School Board member, Marcia Andrews', testimony is relevant to her case when it is not. Plaintiff has even gone so far as to include in her motion a recent Board meeting clip of Andrews discussing non-reappointments of teachers generally, but tries to mislead the Court into believing that Andrews was speaking specifically about Plaintiff or one of the plaintiffs in the cases being handled by her attorney. Andrews' comments in the newly added Board meeting clip makes no reference to any of the plaintiffs involved in the cases being handled by Plaintiff or Plaintiff's Attorney Malik Leigh and it is disingenuous of Plaintiff or her counsel to suggest or imply that they do. Moreover, Plaintiff Abrams-Jackson has never been non-reappointed and continues to work for Defendants at a school where she is happy. See Exhibit A., Pl. Dep Tr. P. 240. While Plaintiff's Board meeting clip maybe new, Plaintiff and the plaintiffs in the companion cases remain unfamiliar to Andrews. Plaintiff's arguments on this point, too, remain stale and should not be revisiting again.

All other arguments relating to the deposition of Andrews have already been painstakingly addressed and litigated by Defendants. Defendants will rely on its previous arguments to the Court as to Andrews' relevancy (or lack thereof) and the supporting documentation thereto as Defendants do not intend to re-litigate them again here. Thus, with the exception of the June 21, 2017 Board meeting clip mentioned above, Plaintiff had an opportunity to raise all of the arguments she has raised in the instant motion and the Court has had an opportunity to consider all those arguments. It is improper and unnecessary to undergo such an exercise again.

    **2. Defendants believe their efforts to secure a county facility for depositions and mediations were disrupted by the actions of Plaintiff's counsel**

3

Following the Court's order granting Defendants' motion to hold depositions and other case proceedings in a secured location, the undersigned and her support staff began contacting various county facilities about using their facilities. The County Government Center offices had initially opened its facilities to Defendants but declined to offer its facilities a second time in part because of its own concerns about containment. Exhibit B, Email from County. The undersigned was subsequently successful confirming the State Attorney's office to house some of the depositions and the County Courthouse mediation facilities to house the remainder. Exhibit C, Emails to Leigh and Walter N. Colbath at Mediation Services. We submitted correspondence to Plaintiff's counsel advising of the various rooms, locations, and dates that we were able to confirm at both facilities. Id.

Defendants later learned, however, that Plaintiff's counsel began showing up at the State Attorney's office and County Courthouse demanding to know whether or not Defendants had in fact confirmed a room at those locations. Plaintiff counsel even copied the undersigned on an email he sent to the State Attorney's office asking them to confirm that no rooms were available. Exhibit D, Emails to and from Cruz. The representative from the State Attorney's office was clearly bothered about being dragged into a situation by Plaintiff's counsel. Id. It was no surprise to Defendants that when the undersigned reached out to the State Attorney's office to apologize about the emails from Plaintiff's counsel that the undersigned was informed that the person who had confirmed the rooms for Defendants should not have done so and that there were no longer any rooms available to Defendants.

To this day, it is still unclear to Defendants as to why Plaintiff's counsel was contacting the various county facilities to harass them about room locations being confirmed by Defendants if not for any other purpose than to ensure that those entities would refuse to open their doors to

either party for depositions. Nonetheless, with depositions still quickly approaching, Defendants were left with no choice but to use the only facility available to them having metal detectors (Boca Community High School) and no choice but to use their own sworn police officers who are normally off during the summer months or working reduced schedules due to the closing of schools and/or reduced staffing at schools. If Plaintiff or her counsel have any issue or objection to the use of Defendants' facilities[2] and sworn officers, or objection to the costs associated thereto, she and her counsel have no one to blame but themselves because Defendants made every effort they had available to them to not have to use their facilities.

### 3. Plaintiff's claim that there was no discussion between the parties prior to the filing of protective orders is also disingenuous and should not be credited by the Court

Defendants provided the Court a copy of the transcript of the halted depositions whereupon the undersigned certified the basis for cancelling the depositions due to Plaintiff's counsel's social media post. D.E. 46-6. The undersigned stated very clearly on the record that the depositions could not go forward without the Court's involvement to ensure Defendants' protection and safety. Plaintiff's claim that there was no discussion between the parties prior to the filing of protective orders is disingenuous because the record suggest otherwise and Plaintiff's counsel made no attempt to resolve the issues or concerns raised by the undersigned at the deposition about safety. Id. Plaintiff's counsel instead accused Defendants of overreacting and made comments about Defendants "making up" and excuse to cancel the depositions. Id. Plaintiff and her counsel were on sufficient notice of Defendants intent to involve the Court in the matter and both parties almost

---

[2] Plaintiff complained in her motion that the Boca Community High School was a "considerable distance."

immediately returned to their law offices to file motions and cross motions relating to the halted depositions.

Plaintiff's counsel seems to have raised the issue of Defendants' counsel not conferring with him prior to filing protective orders presumably to suggest that Defendants have caused him to lash out in the fashion that he did and behave in the most unprofessional and offensive manner the undersigned has seen in her career. But Plaintiff's counsel did not stop at presenting faux complaints to the Court about Defendants not conferring with him prior to the filing of the protective orders. Plaintiff's counsel additionally attached as an exhibit to his motion a copy of Defendants *Confidential* mediation statement. DE 61-3/DE 57-3. Plaintiff and her counsel claim that Defendants' mediation statement offers proof that Defendants were not participating in the mediation in good faith, but the statement actually reveals the opposite. The bigger issue, however, is Plaintiff counsel's continued lack of professionalism and total disregard of the rules relating to confidentiality during the mediation process.

Plaintiff's counsel's attachment of Defendants' mediation statement is a complete violation of Rule 16.2(g) and Defendants have not waived nor intend to waive the confidentiality afforded to them under the Rule. As noted briefly in their reply in support of their motion for fees and costs, Defendants are baffled that Plaintiff's counsel would not at the very least attempt to file the mediation statement under seal so not to break the confidential shield afforded to all parties under the Rule. Plaintiff's counsel wants the Court to believe that he has learned a valuable lesson from the Court's orders regarding his misconduct, but his continued unprofessionalism says otherwise.

### C. CONCLUSION

WHEREFORE, for the reasons stated herein, Defendants respectfully request that Plaintiff's Motion to Alter or Amend the Judgment be denied in its entirety. Plaintiff's effort to

rehash arguments previously raised or arguments that could have been raised but were not, or her effort to blame Defendants for her counsel's current circumstances are insufficient to change the prior rulings by this Court.  Accordingly, Plaintiff's motion should be denied and Defendants' motion for fees and costs should be granted in its entirety.

Date:  July 24, 2017                    Respectfully submitted,

                                        THE SCHOOL BOARD OF PALM
                                        BEACH COUNTY, FLORIDA
                                        JulieAnn Rico, Esq.
                                        General Counsel
                                        3320 Forest Hill Blvd, C-331
                                        West Palm Beach, FL  33416-9239
                                        Telephone:  561-434-8750
                                        Facsimile:  561-434-8105
                                        Shawntoyia.bernard@palmbeachschools.org
                                        ana.jordan@palmbeachschools.org
                                        tish.pickens@palmbeachschools.org

                                    By:   _/s/ Shawntoyia N. Bernard_____
                                          Shawntoyia N. Bernard
                                          Florida Bar. No. 0651664

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2017, I electronically filed the foregoing document was filed via CM/ECF and served by e-mail on all counsel or parties of record on the Service List below.

                                         _/s/ Shawntoyia N. Bernard_____
                                          Shawntoyia N. Bernard
                                          Florida Bar. No. 0651664

**SERVICE LIST**

Malik Leigh, Esquire
Danielle R. Watson, Esquire
WATSON LEIGH, Law and Educational
Services Group, Inc.
P.O. Box 221172
West Palm Beach, FL 33422
Malik@watsonleigh.com
Danielle@watsonleigh,com
Service@watsonleigh.com