UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-81612-CIV-Marra/Matthewman

MALIK LEIGH, ESQ.,

    Plaintiff,

vs.

ROBERT AVOSSA, et al.,

    Defendants.

_____/

Civil No. 16-81624-CIV-Marra/Matthewman

RAQUEL ABRAMS-JACKSON,

    Plaintiff,

vs.

ROBERT AVOSSA, et al.,

    Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTIONS TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)

THIS CAUSE is before the Court upon Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) ("Motion"), which was filed in both of the above-captioned cases. [16-cv-81612, DEs 61, 62; 16-cv-81624, DEs 57, 58]. The Motion is fully briefed in both cases. The Court has carefully reviewed the Motion, response, reply, and the Court's prior orders in the cases, as well the entire docket in each case. The matter is now ripe for review.

1

I.  **BACKGROUND**

The Court has been required to enter several prior orders in this case due to a flurry of discovery motions, problems and disputes. *See* 16-cv-81612, DEs 45, 52, 54, and 58; 16-cv-81624, DEs 41, 48, 51, and 54. The Court assumes familiarity with these prior orders.

The Court's most recent discovery order was an Order Supplementing the Court's Prior Discovery Orders and Addressing Social Media Posts of Attorney Malik Leigh, Esq., dated June 28, 2017 [16-cv-81612, DE 58; 16-cv-81624, DE 54]. In that Order, the Court discussed the improper conduct of Malik Leigh, Esq., an attorney who is representing himself in case number 16-cv-81612 and is representing the plaintiff in case number 16-cv-81624, and the Court supplemented its reasoning for the entry of its prior orders. The Court also required Mr. Leigh to pay the Defendants' attorney's fees expended in the discovery litigation. [16-cv-81612, DE 58, pp. 20-21, para. 1; 16-cv-81624, DE 54, pp. 20-21, para. 1]. Further, the Court ordered Mr. Leigh to conduct himself properly in this litigation in the future and referred Mr. Leigh's conduct to The Florida Bar and the Grievance Committee of this Court. *Id.* at pp. 21-22.

On July 12, 2017, Mr. Leigh filed a response to Defendants' motion for attorney's fees [16-cv-81612, DE 61; 16-cv-81624, DE 57], which also contained his motion to alter or amend judgment which the clerk docketed as DE 62 in case number 16-cv-81612 and as DE 58 in case number 16-cv-81624.[1] A review of the Motion in each case establishes that the only portion of the Court's prior Order [16-cv-81612, DE 58; 16-cv-81624, DE 54] which Plaintiffs are challenging is "the Court's order awarding attorneys fees for violations of local court rules by posting certain social media posts regarding the Defendants while an active case was pending,

---

[1] As noted at DE 64 in case number 16-cv-81612 and DE 60 in case number 16-81624, Plaintiffs incorrectly combined a motion and response without filing each separately, an error corrected by the Clerk. *See* 16-cv-81612, DE 63; 16-cv-81624, DE 59.

for filing an extension to effectuate the depositions of the Defendant(s), and for the need and expense of providing extra security for Depositions" [16-cv-81612, DE 61, pp. 1-2; 16-cv-81624, DE 57, pp. 1-2]. The Court will now briefly summarize the parties' positions.

### A. Plaintiff's Motion

In the Motion, Plaintiffs in each case argue that the Court misconstrued their reasons for wanting to depose Marcia Andrews and also argue that they did not seek to depose her solely to harass or inconvenience her. Plaintiffs assert that they still believe that Ms. Andrews is a very relevant and pivotal witness. They explain that they have attached as an exhibit a clip from a Board meeting to demonstrate the relevance of her testimony to their cases. Next, Plaintiffs maintain that the notices of depositions for Ms. Andrews were not violative of Local Rule 26.1(h) as the parties had agreed on the date and time of the deposition, and a new notice of deposition was only issued when Defendants asked to change the location of the depositions. Plaintiffs argue that Defendants should have conferred with them before filing their motion for protective order. Plaintiffs also contend that certain of Mr. Leigh's social media postings were misconstrued by the Court and acknowledge that others were inappropriate.

### B. Defendants' Response

In response, Defendants contend that Plaintiffs have failed to offer any new information or argument that supports their request to alter or amend the Court's Order awarding Defendants fees and costs. [DE 16-cv-81612, DE 68; 16-cv-81624, DE 66]. Next, Defendants argue that Ms. Andrews' testimony is not relevant to Plaintiffs' cases and that Plaintiffs have attached a clip from a Board meeting to their Motion, but the clip makes no reference to Plaintiffs. Defendants argue that there was sufficient conferral between the parties before Defendants filed their motion

for protective order. Finally, they contend that Plaintiffs' counsel improperly attached as an exhibit to the Motion a copy of Defendants' confidential mediation statement.

## II. ANALYSIS

In order to prevail on a motion for reconsideration, the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F.Supp.2d 1340, 1343 (S.D. Fla. 2007) (quoting *Socialist Workers Party v. Leahy*, 957 F.Supp. 1262, 1263 (S.D. Fla. 1997)). The three grounds warranting reconsideration that courts have articulated are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *Id.*

Upon careful review of the Motion, Defendants' response, the Court's prior Orders, and the entire docket in this case, the Court finds that the Motion is due to be denied. First, there has been no intervening change in controlling law. Plaintiffs do not argue to the contrary.

Second, although Plaintiffs have presented new evidence, which is a clip from a School Board meeting and a confidential mediation statement, such new evidence does not affect the Court's prior rulings. The School Board clip does not mention Plaintiffs and is simply not relevant. And, Defendants' confidential settlement statement is not only irrelevant, but also, and more importantly, Plaintiffs' filing of the document violates applicable rules. Local Rule 16.2(g)(2) states in relevant part that "[a]ll proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Florida Statutes § 44.405. The proceedings may not be reported, recorded, placed into evidence, made known to the Court or jury...." S.D. Fla. L.R. 16.2(g)(2). In this Circuit, courts have found that such violation of the

4

Local Rule can be a basis for sanctioning the party who violated the Local Rule. *See, e.g. Mocombe v. Russell Life Skills and Reading Found., Inc.*, Case No. 12-60659-CIV-Williams, 2014 WL 11531914 (S.D. Fla. Oct. 30, 2014) (granting the defendants' motion for sanctions after the plaintiff posted a Facebook message concerning the negotiations at a settlement conference). The Court notes that Plaintiffs publicly filed the confidential mediation statement in violation of this Court's Local Rules and the Florida Statutes. That is, in filing the motion to vacate in an effort to escape an award of attorneys' fees for prior misconduct and violation of applicable Rules, Plaintiffs and Mr. Leigh violated yet another Rule—and a statute—by publicly filing Defendants' confidential mediation statement. This pervasive pattern of Plaintiffs and Mr. Leigh violating the Local Rules must stop now.[2]

Third, there is no need to correct clear error or manifest injustice. Plaintiffs assert that their notice of deposition as to Marcia Andrews was not violative of the Local Rules. However, as stated in Defendants' motion for protective order, Ms. Andrews was not available for a deposition on May 31, 2017 at 3:45 p.m. as scheduled by Plaintiffs due to her prior commitment to attend a graduation ceremony. [16-cv-81612, DE 38, p. 3, para. 10; 16-cv-81624, DE 36, p. 3, para. 10].

More importantly, the Court did not grant Defendants' motions for a protective order solely on the basis that Plaintiffs provided too short of notice of Ms. Andrews' deposition. Even if the deposition had been properly noticed, the Court still would not have permitted Plaintiffs to depose Ms. Andrews as, pursuant to Federal Rule of Civil Procedure 26(b)(1) and other applicable rules and law, her deposition is not relevant to the claims or defenses at issue in

---

[2] Defendants shall have twenty (20) days from the date of this Order to seek any necessary or appropriate relief as to Plaintiffs' improper filing of the confidential mediation statement by way of a motion to strike and/or other appropriate motion or request for relief.

these two cases, and such discovery deposition would be disproportionate to the needs of the two cases. Further, such deposition would cause Ms. Andrews annoyance, embarrassment, oppression, and disparagement. Assuming for the sake of argument that Ms. Andrews' deposition was properly noticed as Plaintiffs' counsel claims, the other misconduct and violations by Plaintiffs and Mr. Leigh as stated in this Court's prior Orders [16-cv-81612, DEs 45, 54, and 58; 16-cv-81624, DEs 41, 51 and 54] amply supports the Court's Order award of attorney's fees. The Court cannot and will not allow Mr. Leigh to engage in the misconduct he has engaged in thus far in these two cases, including disrupting the discovery process, causing fear and safety concerns to litigants and witnesses, disparaging litigants and witnesses, and requiring the Court to enter a protective order, and then escape an award of attorney's fees. Nothing presented by Plaintiffs or Mr. Leigh in their Motion changes this Court's decision that an award of attorney's fees is appropriate and required in this case.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) [16-cv-81612, DEs 61, 62] is **DENIED**.

2. Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e) [16-cv-81624, DEs 57, 58] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21ST day of August, 2017.

WILLIAM MATTHEWMAN
United States Magistrate Judge