UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-81612-CIV-Marra/Matthewman

MALIK LEIGH, ESQ.,

     Plaintiff,

vs.

ROBERT AVOSSA, et al.,

     Defendants.

_____/

FILED by _____ D.C.

**AUG 2 4 2017**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

Civil No. 16-81624-CIV-Marra/Matthewman

RAQUEL ABRAMS-JACKSON,

     Plaintiff,

vs.

ROBERT AVOSSA, et al.,

     Defendants.

_____/

## ORDER AWARDING ATTORNEY'S FEES TO THE DEFENDANTS AND AGAINST MR. MALIK LEIGH, ESQ.

THIS CAUSE is before the Court upon the Defendants' Motion for Attorneys' Fees and Costs re: Defendants' Motions to Suspend/Reschedule Deposition and for Protective Order and Motion for Protective Order ("Motion") [16-cv-81612, DE 59; 16-cv-81624, DE 56], which was filed in two related cases. The Motion is fully briefed. The Court has carefully reviewed the

1

Motion, response, reply, and the Court's prior orders in the cases, as well the entire docket in each case.

## BACKGROUND

On June 28, 2017, the undersigned entered an Order Supplementing the Court's Prior Discovery Orders and Addressing Social Media Posts of Attorney Malik Leigh, Esq. [16-cv-81612, DE 58; 16-cv-81624, DE 54] in each case. The Court explained that, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and the inherent authority and jurisdiction of the Court, Malik Leigh, Esq., an attorney who is representing himself in case number 16-cv-81612 and is representing the plaintiff in case number 16-cv-81624, was to pay the Defendants for attorney's fees and costs expended by defense counsel in filing and litigating Defendants' Motions to Suspend and Reschedule the Deposition of Defendants Avossa and Epps for Safety Concerns and for Protective Order [16-cv-81612, DE 48; 16-cv-81624, DE 44] and in filing and litigating Defendants' Motions for Protective Order [16-cv-81612, DE 38; 16-cv-81624, DE 36]. *Id.*

The Court directed the Defendants to file one memorandum in both cases in support of its request for an award of expenses which would address the hourly rate of counsel, the time expended, the amount of reasonable attorney's fees and costs that the Defendants incurred in drafting an arguing the motions in each case, and any costs incurred. [16-cv-81612, DE 58; 16-cv-81624, DE 54]. The Court also directed Mr. Leigh to file a memorandum responding and/or objecting to the amount of attorney's fees and costs sought by the Defendants, including the hourly rate of counsel and time claimed to have been expended by the Defendants' counsel. *Id.* Finally, the Court provided the Defendants with an opportunity to file a reply. *Id.* at p. 14.

In the Defendants' Motion, they contend that they incurred $6,350.00 in attorney's fees in filing and litigating the Defendants' Motions to Suspend and Reschedule the Deposition of

2

Defendants Avossa and Epps for Safety Concerns and for Protective Order [16-cv-81612, DE 48; 16-cv-81624, DE 44] and filing and litigating the Defendants' Motion for Protective Order [16-cv-81612, DE 38; 16-cv-81624, DE 36], as well as $3,349.09 in costs.[1] [16-cv-81612, DE 59, pp. 2-3; 16-cv-81624, DE 56, pp. 2-3]. They further explain that the Defendants' counsel's hourly rate is $250. *Id.* at p. 2. Finally, the Defendants contend that certain costs were incurred ordering expedited deposition excerpts to support their discovery motions and compensating off-duty school police for attending the depositions. *Id.* at pp. 2-3. Attached to the Motion is the affidavit of Shawntoyia N. Bernard, Esq. [DE 16-cv-81612, DE 59-1; DE 81624, DE 56-1].

In response, the Plaintiff in each case filed a Motion to Alter or Amend Judgment under Rule 59(e) and Plaintiff's Response and Objection to Defendants' Motion for Attorneys' Fees and Costs re: Defendants' Motions to Suspend/Reschedule Depositions and Protective Order and Motion for Protective Order [16-cv-81612, DE 61; 16-cv-81624, DE 57].[2] The Plaintiffs object to the Defendants' Motion on the basis that the Defendants engaged in block billing and provided insufficient detail in their billing records. [16-cv-81612, DE 61, pp. 14-16; 16-cv-81624; DE 57, pp. 14-16]. They also object to the costs incurred because the "costs of security detail" do not fall within the costs related to filing and litigating the discovery motions at issue. *Id.* at p. 16. The Plaintiffs also claim that the Defendants have double billed for security, that the issue of costs were not discussed ahead of time, that the Defendants did not try to mitigate costs, and that the Defendants are "trying to recuperate costs they would have paid in the ordinary course of the day." *Id.* at p. 18.

---

[1] This amount of costs was later reduced, as explained below in this Order.

[2] The Court has already denied the Motion to Alter or Amend Judgment under Rule 59(e) [16-cv-81612, DE 62; 16-cv-81624, DE 58] in an Order dated August 21, 2017. *See* 16-cv-81612, DE 73; 16-cv-81624, DE 74].

In reply, the Defendants first note that they have now removed all overtime hours for school police associated with a different related case. [16-cv-81612, DE 67, p. 2; 16-cv-81624, DE 64]. They ask the Court to "remove $918.06 from Defendants' request, thereby reducing the total fees and costs award sought by Defendants to $8,781.03." *Id.* at p. 3. The Defendants argue that they have provided sufficient detail of the time spent by counsel in drafting and arguing the two discovery motions at issue and the time spent preparing for cancelled depositions. *Id.* The Defendants also contend that their counsel have not improperly used block billing in their time entries. *Id.* at pp. 3-4. The Defendants assert that the Plaintiffs' objection that certain time entries reflect multiple attorneys performing the same task is unsupported and meritless. *Id.* at p. 4. Finally, the Defendants maintain that all of their costs should be awarded. *Id.* at p. 5.

## LEGAL STANDARD

### A.    Attorney's Fees

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

With regard to the type of evidence that the fee claimant should produce in support of a

4

claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

1.  **Reasonable Hourly Rate**

In seeking reimbursement for its attorney's fees, Defendant relies on the affidavit of Shawntoyia N. Bernard, Esq., supporting the claimed hourly rates of Defendants' counsel. According to the affidavit, Deputy General Counsel Shawntoyia Bernard, Esq., bills at the rate of $250 per hour, and Senior Attorney Helene Baxter, Esq., bills at the rate of $250 per hour. [16-cv-81612, DE 59-1; 16-cv-81624, DE 56-1].

Based upon the Court's own experience in assessing the reasonableness of attorney's fees, and having reviewed the affidavit submitted in this case, this Court finds that all of the attorneys' hourly rates are reasonable in comparison to the prevailing market rate in the relevant legal community. The Court also notes that the Plaintiffs have not objected to the hourly rates of defense counsel.

2.  **Number of Hours Reasonably Expended**

Next the Court must determine whether the hours billed were reasonable. Defendants' counsel spent 25.4 hours total on filing and arguing the motions at issue in both cases. [16-cv-81612, DE 59-1; 16-cv-81624, DE 56-1]. Counsel spent 18.4 of those hours in the Abrams-

Jackson case, and 7 of those hours in the Leigh case. *Id.*

The Court has carefully reviewed the time entries. First, not all of the tasks listed in defense counsel's time entries fall within "filing and litigating Defendants' Motions to Suspend and Reschedule the Deposition of Defendants Avossa and Epps for Safety Concerns and for Protective Order [16-cv-81612, DE 48; 16-cv-81624, DE 44] and filing and litigating Defendants' Motions for Protective Order [16-cv-81612, DE 38; 16-cv-81624, DE 36]." *See* 16-cv-81612, DE 58; 16-cv-81624, DE 54. Specifically, the time spent preparing a response to the motion to continue discovery deadline and compel continuation of depositions on June 1, 2017 (1.5 hours), the time spent preparing for the deposition of Robert Avossa on May 26, 2017 (1.0 hour), the time spent preparing a response to the motion to continue discovery deadline and to compel continuation of the depositions on June 2, 2017 (1.0 hour), and the time spent preparing for the deposition of Elvis Epps on May 25, 2017 (2.50 hours) do not fall within the Court's ruling regarding the award of attorney's fees to the Defendants. Thus, the total amount of reimbursable time should be reduced to 19.4 hours.

Second, the billing records submitted by the Defendants' counsel contains some evidence of block billing. Several of the billing entries contain discrete tasks separated by semicolons. For example, on June 5, 2017, counsel billed for preparing for hearing, conducting additional research, attending the hearing, and traveling to and from the hearing. Likewise, on May 31, 2017, counsel billed for drafting of motion to suspend/protective order, research, gathering social media, and reviewing same. Similar combined or block billing occurred on other dates as well. This type of block billing is not permissible because it prevents the Court from determining whether the time spent on each separate task is reasonable and from determining which portion of the fees billed on a particular date is recoverable and which is not. Taking into account all of

the deficiencies in the billing entries, the Court will reduce the total fee award by 25%. Therefore, the total fee award is $3,637.50.

**B.    Costs**

The Defendants are seeking a total of $2,431.03 in costs. *See* 16-cv-81612, DEs 59, 67; 16-cv-81624, DEs 56, 64]. This amount includes $109.10 for the expedited excerpt of the deposition of Elvis Epps that was filed in support of the discovery motions. The remainder of the costs amount is for overtime hours paid to off-duty school police to attend the depositions of each of the Plaintiffs, as well as the deposition of Elvis Epps. The Court finds that Mr. Leigh should be required to pay the $109.10 for the expedited transcript and notes that it does not appear that Mr. Leigh is even objecting to this specific cost incurred by the Defendants.

The Court will not, however, require Mr. Leigh to pay the costs incurred in hiring off-duty school police officers. The Court has never ruled, in any of its Orders, that the Plaintiffs would have to shoulder the costs of the law enforcement officers who attended the depositions. The Defendants could have raised the issue of cost-shifting in earlier motions and failed to do so. The Court exercises its discretion to not award the costs of the law enforcement officers who attended the deposition at the request of Defendants. Thus, the Court will only award costs to the Defendants in the amount of $109.10.

**CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that Mr. Leigh shall reimburse the Defendants in case numbers 16-cv-81612 and 16-cv-81624 for their attorney's fees in the amount of $3,637.50 and their costs in the amount of $109.10, for a total award of $3,746.60. Mr. Leigh is ordered to make such payment to the Office of General Counsel for the School Board of Palm Beach County on or before **Friday, September 22, 2017.**

**DONE AND ORDERED** in Chambers this 24th day of August, 2017 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE