UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-81624-MARRA/MATTHEWMAN

RAQUEL ABRAMS-JACKSON,

    Plaintiff,

vs.

ROBERT AVOSSA, et al.,

    Defendants.
_____/

FILED by ___ D.C.
OCT 13 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING IN PART AND DENYING PART DEFENDANTS' MOTION FOR SANCTIONS AND TO STRIKE [DE 84]

**THIS CAUSE** is before the Court upon Defendants, Cheryl McKeever and Palm Beach County School Board's ("Defendants") Motion for Sanctions Against Plaintiff for Willful and Intentional Violations of Local Rule 16.2(g)(2) and Fla. Stat. §44.505 and Motion to Strike Confidential Mediation Statement from the Docket ("Motion") [DE 84]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 28.

## BACKGROUND

On July 12, 2017, Plaintiff filed a Motion to Alter or Amend Judgment under Rule 59(e) and Response and Objection to Defendants' Motion for Attorneys' Fees and Costs re: Defendants' Motions to Suspend/Reschedule Depositions and Protective Order and Motion for Protective Order [DEs 57, 58].[1] Plaintiff's counsel, Malik Leigh, Esq., and Danielle Renee Watson, Esq., attached to that motion Defendants' June 29, 2017 confidential mediation

---

[1] The Court assumes familiarity with the several prior orders entered in this matter regarding the conduct of Mr. Leigh in this case.

1

statement [DE 57-3]. In the Court's Order Denying Plaintiffs' Motion to Alter or Amend Judgment under Rule 59(e) [DE 74], the Court noted that Plaintiff's counsel had violated a Local Rule and a Florida statute by publicly filing Defendants' confidential mediation statement. [DE 74, p. 5]. The Court also provided Defendants the opportunity to seek any necessary or appropriate relief as to Plaintiff's counsel's improper filing of the confidential mediation statement by way of a motion to strike and/or other appropriate motion or request for relief. *Id.* at p. 5, f.n. 2.

## MOTION, RESPONSE, AND REPLY

In the Motion, Defendants request entry of an Order awarding sanctions against Plaintiff's counsel for Plaintiff's counsel's willful and intentional violations of Local Rule 16.2(g)(2) and Florida Statute § 44.405, and the striking of Defendants' confidential mediation statement [DE 61-3] from the docket. [DE 84, p. 1]. Defendants also request that the Court dismiss Plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff's counsel have acted in bad faith and engaged in willful and deliberate conduct in violating the rules. *Id.* at p. 2.

In response, Plaintiff's counsel argue that "because the Defendants neither participated nor acknowledged the order to participate or even attend Mediation, there was no confidential information to reveal." [DE 92, p. 2]. Plaintiff's counsel also contend that they "submitted the Plaintiff's [sic] pre-mediation statement for the sole purpose of proving that Plaintiff's [sic] premeditated motive was to not attend mediation nor conduct themselves in good faith." *Id.* at p. 4. Plaintiff's counsel maintain that sanctions should be levied upon Defendants instead because they violated the Local Rule and Court Orders by failing to attend the mediation. *Id.*

2

Plaintiff's counsel further argue that "[a] party owns the privilege in a confidential mediation, and as a party, the Plaintiff, here waives his right to confidentiality in this case and if the Court deems it necessary, will submit to an evidentiary hearing to call the Mediator to testify, in a narrow case, the occurrence of the purported mediation." *Id.* at p. 5. Finally, Plaintiff's counsel assert, "[i]f the Plaintiff in some way has interpreted his responsibility to notify the Court in this manner; disclosing a pre-mediation statement for a mediation that did not occur, then he made a [sic] honest mistake. However, the Local Court rule [sic] 16 an [sic] 16.2 provide no reliable manner to notify the Court when another party does not attend mediation." *Id.*

In reply, Defendants argue that dismissal of this case with prejudice "is warranted because Plaintiffs' counsel continue an unabated pattern of engaging in willful and deliberate conduct in violating the rules and Orders of this Honorable Court." [DE 93, p. 1]. Defendants contend that Plaintiff's counsel "never claimed in the Motion to Alter or Amend that Defendants did not attend mediation; they claimed that Defendants did not attend mediation in good faith, but they failed to identify any facts or other evidence to support the baseless claim." *Id.* at p. 2. Defendants further assert that Plaintiff's counsel misunderstands the Florida statute. *Id.* at pp. 2-3.

## ANALYSIS

The Court has carefully reviewed the Motion [DE 84], Defendants' sealed exhibit to the Motion [DE 86-1], Plaintiff's counsel's response [DE 92], Defendants' reply [DE 93], and the entire docket in this case. This dispute arises because Plaintiff's counsel attached to a motion—and publicly filed—a confidential mediation statement [DE 57-3] of Defendants in this

3

case. Rather than simply agreeing to withdraw the improperly filed confidential mediation statement and apologizing for filing it in violation of Local Rule 16(g)(2) and Florida Statute § 44.405, Plaintiff's counsel instead filed a response [DE 92], which, in essence, frivolously asserts that, since the mediation allegedly never actually took place, it was not improper to file the confidential mediation statement in the public record.

The Court first observes that Plaintiff's response [DE 92] was filed untimely. The Court ordered Plaintiff and her counsel, Malik Leigh, Esq., and Danielle Renee Watson, Esq., to file their response on or before October 3, 2017. [DE 85, p. 1, para. 1]. However, the response [DE 92] was not filed until 10:23 p.m. on October 4, 2017. Plaintiff's counsel never filed a motion seeking to file the response out-of-time or provided a valid reason for the delayed filing, as required by Federal Rule of Civil Procedure 6. Rather, Plaintiff's counsel simply cavalierly filed the belated response at their convenience, rather than as ordered by the Court. This is but a small part of the pervasive pattern exhibited by Plaintiff's counsel involving the violation of rules and further improper conduct, which, unfortunately, has been well documented throughout this case. For Plaintiff's failure to timely comply with the Court's Order, this Court has the authority to strike Plaintiff's belated response. However, the Court believes it best to decide this matter on the merits and, therefore, will not strike Plaintiff's counsel's untimely response. The Court will, however, consider Plaintiff's belated filing and Plaintiff's counsel's failure to seek leave to file the response late in determining whether to award attorney's fees and costs against Plaintiff's counsel.

Second, Plaintiff's counsel Malik Leigh, Esq., has been sanctioned and referred to the Florida Bar by three different federal judges, in three pending federal cases in this district, within

the past four months. Specifically, in this case, the undersigned United States Magistrate Judge sanctioned Mr. Leigh and referred him to the Florida Bar and the Southern District of Florida Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance on June 28, 2017, and, thereafter, ordered Mr. Leigh to pay to Defendants attorney's fees and costs in the amount of $3,746.60. *Leigh v. Avossa*, Case No. 16-81624-CIV, 2017 WL 2799617, at *10 (S.D. Fla. June 28, 2017); *Leigh v. Avossa*, Case No. 16-81624-CIV, 2017 WL 3671559, at *4 (S.D. Fla. Aug. 24, 2017). Likewise, in *Leigh v. Avossa, et al.*, 16-cv-81612-Marra/Matthewman, the undersigned entered identical Orders imposing sanctions and referring Mr. Leigh to the Florida Bar and the Southern District of Florida Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance. *Leigh v. Avossa*, Case No. 16-81612-CIV, 2017 WL 2799617, at *10 (S.D. Fla. June 28, 2017); *Leigh v. Avossa*, Case No. 16-81612-CIV, 2017 WL 3671559, at *4 (S.D. Fla. Aug. 24, 2017).

Further, on June 29, 2017, in *Parish-Carter v. Avossa, et al.*, 16-cv-81623-Rosenberg/Hopkins, United States Magistrate Judge James M. Hopkins sanctioned Mr. Leigh and referred him to the Florida Bar and the Southern District of Florida Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance [16-cv-81623, DE 54], and thereafter ordered him to pay Defendants' attorney's fees and costs in the amount of $1,744.38 [16-cv-81623, DE 83].

Most recently, on October 2, 2017, United States District Judge Robin L. Rosenberg entered an Order following a lengthy evidentiary hearing at which Mr. Leigh and co-counsel Danielle Renee Watson, Esq., testified under oath along with Defendants' counsel and paralegal. Judge Rosenberg found that "Plaintiff's counsel's behavior was completely unfounded and in

5

contravention of all the tenets of professionalism encapsulated in the Federal and Local Rules." *Parish-Carter v. Avossa, et al.*, Case No. 9:16-CV-81623, 2017 WL 4355835, at *2 (S.D. Fla. Oct. 2, 2017). Judge Rosenberg specifically found that Mr. Leigh testified falsely at that evidentiary hearing. *Id.* at *3. Judge Rosenberg also found that Mr. Leigh and Ms. Watson had "acted in bad faith," and therefore the Court granted Defendants' motion to strike certain items from the record, ordered Mr. Leigh and Ms. Watson to pay Defendants' attorney's fees, and referred both counsel to the Florida Bar. *Id.*

Third, this Court observes that Plaintiff's response is confusing and convoluted in part. For example, Plaintiff's counsel assert the following:

> The Plaintiff submitted the Plaintiff's pre-mediation statement for the sole purpose of proving that the Plaintiff's premeditated motive was to not attend mediation nor conduct themselves in good faith. It is not hyperbole, it was not a case of: "so little occurred that it as 'as if' mediation did not occur," it cannot be stated any clearer, Ordered mediation between the parties in this case did not take occur...

[DE 92, p. 4]. Plaintiff's counsel go on to state as follows:

> Unless there is something unknown to Counsel, Local Court rule 16.2(g) is not limited to the presentation of the Pre-mediation statement. They are all a part of the sum total. The Defendants violated Local Court Rule 16(d)(1)(c) and again, this is what the Plaintiff was referring to in [D.E. 61,62]. It is possible that the Defendants could have submitted their Mediation summary, stating that they would not participate, and then participate. In that case, if the Plaintiff had disclosed any part of the mediation discussion or mediation statement; no matter how insignificant, he would have violated Local Rule 16.2(g)(1-2). However, the Plaintiff understands mediation differently, (Plaintiff is a Supreme Court of Florida Certified Family Court Mediator), if one of the parties fails to attend, then no mediation takes place. There is no other means of notifying the Court that mediation did not occur, other than from the Mediator himself. A party owns the privilege in a confidential mediation, and as a party, the Plaintiff, here, waives his right to confidentiality in this case and if the Court deems it necessary, will submit to an evidentiary hearing to call the Mediator to testify, in a narrow case, the occurrence of the purported mediation.

[DE 92, p. 5].

The Court is frankly mystified at the convoluted, illogical argument asserted by Plaintiff's counsel. If Plaintiff's counsel are attempting to say that, since the mediation allegedly never occurred, therefore, it was proper for them to publicly file the confidential mediation statement, they are wrong. If Plaintiff's counsel are attempting to say that they had no way to advise the Court that Defendants allegedly failed to participate in court-ordered mediation other than by filing the confidential mediation statement, they are wrong again—and they are misleading the Court. It is a very simple matter for an attorney for a party to file a motion asserting that an opposing party failed to attend a court-ordered mediation without filing a confidential mediation statement produced in confidence by the opposing party. Further, if for some reason Plaintiff's counsel thought it necessary to file the confidential mediation statement with the Court, the proper procedure would have been to seek an order from the Court in advance requesting permission to file the confidential mediation statement under seal.

In regard to Plaintiff's claim that Defendants never participated in mediation, the Court notes that, on July 4, 2017, the mediator in this case filed a Final Mediation Report which specifically stated that a mediation conference was held on June 27, 2017, all required parties were present, and the parties were unable to agree [DE 55]. Therefore, the argument advanced by Plaintiff's counsel is not only convoluted, it is false and misleading.

Local Rule 16(g)(2) states in relevant part that "[a]ll proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Florida Statutes § 44.405. The proceedings may not be reported, recorded, placed into evidence, made known to the Court or jury, or construed for any purpose as an admission against interest."

S.D. Fla. L.R. 16(g)(2). Under Florida law, a "mediation communication" is an "oral or written statement, or nonverbal conduct intended to make an assertion, by or to a mediation participant made during the course of a mediation, or prior to mediation if made in furtherance of a mediation." Fla. Stat. § 44.403(1). Florida law requires that all mediation communications shall be confidential unless they fall within a limited exception under the statute, none of which apply in this case. Fla. Stat. § 44.405(1). Additionally, a "mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." *Id.*

Plaintiff's counsel has clearly violated the Local Rule and Florida statute by filing the confidential mediation statement publicly on the docket. Moreover, Plaintiff's counsel's explanation that they filed the confidential mediation statement to prove that Defendants had failed to attend a mediation is completely illogical and nonsensical. The position asserted by Plaintiff's counsel in their response [DE 92] is frivolous and is further evidence of the bad faith of Plaintiff's counsel. Therefore, Defendants' motion to strike the mediation statement is due to be granted as the confidential mediation statement should not remain on the public docket. The Court will now turn to any appropriate sanctions against Plaintiff's counsel.

Pursuant to the inherent authority and jurisdiction of the Court and 28 U.S.C. § 1927, as well as Federal Rule of Civil Procedure 11(c)[2], the Court will award attorney's fees expended by defense counsel in researching and filing their Motion, reviewing Plaintiff's response, and filing Defendants' reply. Defendants were forced to file their Motion due to Plaintiff's counsel's

---

[2] Federal Rule of Civil Procedure 11 "permits an award of attorney's fees when an attorney violates Federal Rule 11," 28 U.S.C. § 1927 "permits an award of attorney's fees when an attorney multiplies proceedings unreasonably and vexatiously," and the Court's inherent power "permits an award of attorney's fees when an attorney acts in bad faith). *Parish-Carter v. Avossa, et al.*, 2017 WL 4355835, at *4 (citing *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017); Fed. R. Civ. P. 11(b)(1)).

8

improper filing of the confidential mediation statement on the public docket. An award of attorney's fees is also appropriate because Plaintiff's counsel have repeatedly conducted themselves improperly and have violated various rules in this case and in related cases.[3] Plaintiff's counsel have multiplied these proceedings unreasonably and vexatiously. Plaintiff's counsel have acted in bad faith. The Court will award attorney's fees against both Mr. Leigh and Ms. Watson because they both signed the response [DE 92] to Defendants' Motion, and they both share culpability.

However, the Court finds that dismissing the case with prejudice is too harsh a sanction at this juncture. While the Court does find that Plaintiff's counsel have acted improperly and in bad faith during this litigation and have violated a Local Rule and Florida statute by filing the confidential mediation statement in the public record, dismissal with prejudice is an extraordinary remedy that is not merited at this point given the facts of the case. It is simply too harsh a sanction. Additionally, Defendants' motion for summary judgment [DE 72] is fully briefed and pending. Given the procedural posture of this case, it would be more appropriate for the Court to rule on the substantive legal issues.

Based on the foregoing, the Court ORDERS as follows:

1. Defendants' Motion for Sanctions Against Plaintiff for Willful and Intentional Violations of Local Rule 16.2(g)(2) and Fla. Stat. §44.505 and Motion to Strike

---

[3] Upon the Court's request, and because it was mentioned in Defendants' Motion, Defendants filed under seal an email that was sent from Mr. Leigh to Lisa Kohring, Esq., one of the Palm Beach School Board's attorneys, in an separate case, *Parish-Carter v. Avossa, et al.* See DE 86-1. In the email, Mr. Leigh accused Ms. Kohring of criminal wrongdoing. The Honorable Robin L. Rosenberg, United States District Judge, entered a recent Order finding that Mr. Leigh's allegations were false and unfounded. *See Parish-Carter v. Avossa, et al.*, 2017 WL 4355835. To be clear, the Court is not awarding attorney's fees to Defendants based on the conduct of Plaintiff's counsel in any other case but this case. The Court merely refers to the case before Judge Rosenberg since a finding was made by Judge Rosenberg as to an email sent by Mr. Leigh which was been filed in this case. In light of that email and Judge Rosenberg's findings, and in light of the misconduct of Plaintiff's counsel in this case, the Court finds that Plaintiff's counsel, Mr. Leigh and Ms. Watson, have acted in bad faith in this case.

Confidential Mediation Statement from the Docket [DE 84] is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion is denied to the extent it seeks dismissal of the case with prejudice.

3. The Motion is granted to the extent that Defendants seek to strike docket entry 57-3. The Clerk of Court shall STRIKE docket entry 57-3. The Clerk of Court shall REMOVE FROM PUBLIC VIEW docket entry 57-3.

4. The Motion is also granted to the extent that Defendants seek an award of attorney's fees. The Court will impose an award of attorney's fees against both of Plaintiff's counsel, Mr. Leigh and Ms. Watson, for the time incurred by Defendants in having to research and draft Defendants' Motion, review and research Plaintiff's response, and draft and research Defendants' reply. The Court, therefore, directs counsel for Defendants to file, within seven (7) days of the date of this Order, a memorandum that addresses the hourly rate of counsel, the time expended, the amount of reasonable attorney's fees and costs that Defendants incurred in researching and drafting Defendants' Motion, reviewing and researching Plaintiff's response, and drafting and researching Defendants' reply, as well as any costs incurred. Defendants may attach an affidavit or affidavits regarding their attorney's fees and costs incurred if they wish to do so. Plaintiff shall then have seven (7) days from the date Defendants file Defendants' memorandum to file Plaintiff's memorandum responding and/or objecting to the amount of attorney's fees and costs sought by Defendants, including the hourly rate of counsel and time claimed to have been expended by Defendants' counsel on this matter. Thereafter, Defendants shall have three (3) days from the

date of the filing of Plaintiff's memorandum to file their reply. Thereafter, the Court will determine the amount of attorney's fees to be paid by Mr. Leigh and Ms. Watson, personally, to Defendants and enter a further Order directing such payment.

**DONE and ORDERED** in Chambers this 13th day of October, 2017, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE