UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-81624-CIV-Marra/Matthewman

RAQUEL ABRAMS-JACKSON,

    Plaintiff,

vs.

ROBERT AVOSSA, et al.,

    Defendants.

_____/



FILED by ___ D.C.

DEC 15 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING THAT PORTION OF PLAINTIFF'S MOTION AT DOCKET ENTRY 104 WHICH SEEKS TO RECUSE THE UNDERSIGNED UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court upon the Plaintiff, Raquel Abrams-Jackson's ("Plaintiff") Motion to Recuse the undersigned United States Magistrate Judge, which is contained within Plaintiff's Motion at Docket Entry 104 ("Motion").[1] The Court has carefully reviewed the Motion and the Court's prior Orders, as well the entire docket in this case.

### BACKGROUND

In the Motion, Plaintiff accuses the undersigned of "extreme bias and prejudice." [DE 104, p. 12]. More specifically, Plaintiff alleges that "[t]he Court's [sic] has shown bias and prejudice against Attorney Leigh for how he speaks, his work usage and choice of words, and has connected them to the Defendants' allegations in their Motions (protective order and for security) in a way that shows extreme bias, prejudice, and possibly racial animus." *Id.* Plaintiff

---

[1] The Honorable Kenneth A. Marra, United States District Judge, either has ruled on or will rule on the balance of Plaintiff's motion at DE 104. The only issue before the undersigned

1

argues that the undersigned's "personal loathing of curse words creates a bias towards those Attorneys who do or have shown to have done so." *Id.* at p. 9. Plaintiff has attached the Affidavit of Malik Leigh, Esquire, in support of her Motion. [DE 104-2].

The undersigned has entered the following substantive Orders in this case: Order Setting Discovery Procedure [DE 29]; Order Granting in Part Defendants' Motion for a Protective Order and Denying in Part Plaintiff's Motion to Compel Deposition of Marcia Andrews [DE 41]; Order on Plaintiff's Motion to Extend Discovery Deadline and Motion to Compel Deposition and Defendants' Motion to Suspend and Reschedule the Deposition of Defendants Avossa and Epps for Safety Concerns and for Protective Order [DE 48]; Order Granting Defendants' Motion for a Protective Order and Denying Plaintiff's Motion to Compel Deposition of Marcia Andrews [DE 51]; Order Supplementing the Court's Prior Discovery Orders and Addressing Social Media Posts of Attorney Malik Leigh, Esq. [DE 54]; Order Denying Plaintiffs' Motions to Alter or Amend Judgment under Rule 59(e) [DE 74]; Order Awarding Attorney's Fees to the Defendants and Against Mr. Malik Leigh, Esq. [DE 77]; Order Granting in Part and Denying in Part Defendants' Motion for Sanctions and to Strike [DE 94]; and Order Awarding Attorney's Fees to the Defendants and Against Mr. Malik Leigh, Esq., and Danielle Renee Watson, Esq. [DE 98]. The undersigned also held a telephonic discovery hearing on May 30, 2017, and an in-person discovery hearing on June 5, 2017.

## ANALYSIS

"Two federal statutes, 28 U.S.C. §§ 455 and 144, govern recusal and courts must construe them *in pari materia.*" *Elso v. United States,* No. 07–21313, 2010 WL 5013875, *2

---

is the motion to recuse the undersigned from all further proceedings in this case.

(S.D.Fla. Dec.3, 2010); see also *Taylor v. Bradshaw*, No. 11-80911-CIV, 2014 WL 5325291, at *1 (S.D. Fla. Oct. 7, 2014). "Under these statutes, judges are presumed to be impartial and the movant bears the burden of demonstrating an objectively reasonable basis for questioning the judge's impartiality." *Id.* Plaintiff is moving to recuse the undersigned pursuant to both 28 U.S.C. § 144 and 28 U.S.C. § 455.

    a.    <u>Analysis under 28 U.S.C. § 144</u>

Pursuant to 28 U.S.C. § 144,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"A Motion to Recuse filed under 28 U.S.C. § 144 is aimed at recusing a judge for actual bias, as well as the appearance of impropriety." *Elso,* 2010 WL 5013875, at *4. In deciding whether recusal is warranted, the court must determine "(1) whether a party has made and timely filed an affidavit; (2) whether the affidavit is accompanied by a good faith certificate of counsel; and (3) whether the affidavit is legally sufficient." *Id.* "To be legally sufficient, an affidavit must state with particularity material facts that, if true, would convince a reasonable person that a personal, rather than judicial, bias exists against the party or in favor of the adverse party." *Id.*

The Court notes that Plaintiff's Motion was first filed on December 6, 2017, more than one month after final judgment was entered against Plaintiff, one month after the undersigned

3

last issued any Order in the case, and several months after the undersigned issued the discovery Orders alluded to in the Motion. The Motion is therefore untimely.

As to the substance of Plaintiff's Motion, Plaintiff's counsel has submitted an Affidavit [DE 104-2] in which he asserts that the undersigned has "shown extreme prejudice"; granted Defendants' request for Order of Protection based on the "Court's biased, prejudicial, and often manufactured reasoning"; and has resorted in multiple Orders to "personal bias, prejudice, and personal animus to justify its reasons for granting Defendants' Motion for Protection." [DE 104-2, ¶¶ 3-5]. Plaintiff's counsel further attests that the undersigned, in granting its "Order of Protection" "misquoted or purposefully misstated Plaintiff's Counsel's testimony, ignored evidence to counter claims made by the Defendants, made personally disparaging statements about Plaintiff's Counsel, made false, unsubstantiated claims that the Plaintiff's Counsel committed an overt threat…and accused Plaintiffs' counsel of repeatedly violating rules of law when they had not." *Id.* at ¶ 6. The affidavit is insufficient as a matter of law. It does not state with particularity any material facts whatsoever that would, if true, convince a reasonable person that the undersigned has a personal bias against Plaintiff or in favor of Defendants.

    b.    <u>Analysis under 28 U.S.C. § 455</u>

28 U.S.C. § 455 states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also disqualify "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). In *Christo v. Padgett*, 223 F.3d 1324 (11th Cir. 2000), the Eleventh Circuit explained that, "[u]nder § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo*, 223 F.3d at 1333. This standard, although broad, "is

4

still one of reasonableness and should not be interpreted to require recusal on spurious or vague charges of partiality." *Smith v. Pepsico, Inc.*, 434 F.Supp. 524, 525 (S.D.Fla.1977). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 541 (1994).

The Court first notes that, in her Motion, Plaintiff cites, in part, to statements made by a different judge during the June 5, 2017 hearing, as well as language from an Order written by a different judge. [DE 104, p. 7-8]. Another judge's comments cannot be imputed to the undersigned.

Second, Plaintiff argues as a specific example of bias that the undersigned wrote in an Order [DE 54, p. 19] that "Mr. Leigh wrote in a social media post that the Defendants were trying to not let the Plaintiffs depose Ms. Andrews, a member of the Palm Beach County School board, and that he wanted to depose her solely regarding her affidavit detailing how the district retaliated against people." [DE 104, p. 9]. Plaintiff contends that "no such Social Media post exists." *Id.* However, in a May 26th social media post, Plaintiff's counsel wrote the following: "And Marcia Andrews. yup. they are trying hard not to let me depose her. Her amazing affidavit detailing how the district retaliate on people is the gift that keeps on giving." [DE 46-8 at p. 2]. Therefore, it appears that Plaintiff has overlooked her counsel's prior social media post related to this case when filing the motion to recuse.

In sum, in both her Motion and the affidavit in support of her Motion, Plaintiff fails to allege sufficient facts to warrant the disqualification of the undersigned. Plaintiff has failed to present any facts to support her allegations of prejudice against herself or her attorney, Mr. Leigh, other than the fact that the undersigned has issued what she apparently perceives as unfavorable rulings on discovery motions. However, under *Liteky v. United States,* 510 U.S.

540, 541 (1994), "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Plaintiff cannot use section 455 as a means through which to challenge prior rulings of this Court. Further, Plaintiff's Motion is also untimely.

Based on the foregoing, it is hereby **ORDERED** that the portion of Plaintiff's Motion to Recuse [DE 104] that seeks the undersigned's recusal from this case is **DENIED**.

**DONE AND ORDERED** in Chambers this 15th day of December, 2017 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE